HANNAH DRAKE, Appellee, v. WILLIAM McGEE, Administrator, Appellant.

**APPEAL AND ERROR:** Review—Presumptions—Exclusion of Evidence. A presumption, in the absence of a record to the contrary, prevails that the trial court was correct in its rulings excluding evidence. So held where documentary evidence was excluded, and appellant did not include the said offered evidence in his abstract.

**TRIAL:** Conduct of Court—Remarks Relative to Materiality of Offered Evidence. Remarks of the court in the presence of the jury, to the effect that certain offered but excluded documentary evidence did not support counsel in his contention, are held nonprejudicial.

**EXECUTORS AND ADMINISTRATORS:** Allowance of Claims—Pleading. Different oral contracts for services covering distinct periods of time, manifestly present no opportunity for a double recovery for the same services.

**EXECUTORS AND ADMINISTRATORS:** Allowance of Claims—Pleading—Liberality Allowed. Niceties of pleading are not exacted in stating claims in probate. So held where a claim for services rendered in caring for deceased did not state *when payment was to be made* under the contract, but proof on such point was allowed on the trial.

LIMITATION OF ACTIONS: Pleading Statute—Stating Issues to Jury—Sufficiency. A plea of the statute of limitations is sufficiently presented to the jury by an instruction that plaintiff must fail on her claim in probate unless she established that she was to be paid *at the death of deceased,* such claim being admittedly barred unless she made such latter proof.

APPEAL AND ERROR: Parties Entitled to Allege Error—Requesting Interrogatories. Inducing the court to submit special interrogatories to the jury precludes the one inducing the submission from thereafter questioning the sufficiency of the evidence to sustain the answers returned.

*Appeal from Ida District Court.*—E. G. ALBERT, Judge.

SATURDAY, JANUARY 20, 1917.

APPEAL by the defendant from the allowance of a claim in favor of plaintiff against the estate of Nancy McGee, deceased. The material facts are stated in the opinion.—*Affirmed.*

*J. C. Walter, Johnson Brothers* and *Campbell & Campbell,* for appellant.

*Snell Brothers,* for appellee.

WEAVER, J.—The plaintiff, the daughter of Nancy McGee, deceased, filed a claim against the estate of her mother for services rendered the latter in her lifetime. As originally stated, the claim was in the form of a statement of account for services performed from March 1, 1890, to March 1, 1910, 1,040 weeks, at $10 per week,—$10,400; and services performed from March 1, 1910, to July 7, 1914, 208 weeks, at $25 per week,—$5,200. Subsequently, she elaborated her statement into two divisions, claiming to have performed the services pursuant to oral agreements made with her mother, one about March 1, 1890, and another about October 2, 1906.

The administrator denies the claim; alleges that, during the period for which plaintiff claims compensation, she was

living with her mother as a member of her family, and not as a servant, and that during said time plaintiff was in ill health, and unable to do valuable service. He also pleads the statute of limitations as to a part of the claim.

There was a trial to a jury, which returned a verdict for plaintiff for $6,500. At the request of the defendant, the court submitted to the jury two special interrogatories, as follows:

"I. Was there an oral contract made between Nancy McGee, deceased, and Hannah Drake, claimant, on or about March 1, 1890, for the performance of services?

"2. Was there an oral promise made by Nancy McGee, deceased, on or about October 2, 1906, by which Nancy McGee promised to pay Hannah Drake for services performed in the family?"

To each of these questions, the jury answered, "Yes."

The appellant argues for a new trial on the following grounds:

I. The defendant identified and offered in evidence the will alleged to have been left by Nancy McGee; but plaintiff's objection thereto, as being neither competent nor material

1. APPEAL AND ER-
ROR: review:
presumptions:
exclusion of
evidence.

nor relevant to the issue being tried, was sustained, and error is assigned upon this ruling.

The will is not set out in the abstract, and we must presume the court was correct in its ruling that the instrument had no legitimate bearing as evidence in the case.

In the same connection, it is said that the court remarked, in the presence of the jury:

"I read the will, and there is nothing in it that will sup-

2. TRIAL: conduct
of court: re-
marks relative
to materiality
of offered evi-
dence.

port the contention you are making for it, and therefore the objection is sustained."

This, it is argued, must have prejudiced the defense in the minds of the jurors. Just how the statement could harm the defense, except as any and

every ruling by the court may operate against the party who is affected thereby, is difficult to perceive. When the will was offered, the court had the right, as it was its duty, to look at it; and if in its judgment the instrument contained nothing upon which its admission in evidence could be justified, it was equally its right and duty to say so.

II. At the close of the evidence, defendant moved the court for a directed verdict in his favor, upon the first count or division of the plaintiff's claim. The motion was denied, and this also is assigned as error.

3. EXECUTORS AND ADMINISTRA- TORS: allowance of claims: pleading.

Many grounds were assigned for the motion, but appellant confines his argument in this court to one only, and that alone will be given attention. The objection thus relied upon is that, as plaintiff in this court first bases her claim on a contract made in March, 1890, and further claims, in the second count, to have been performing the same or the same kind of services under a contract made October, 1906, the two claims cannot stand together; because, if that were permitted, she would be allowed to go to the jury and possibly recover for the same service under either or both of the two separate and distinct contracts. The objection is based upon a misapprehension of the effect of the record. It is certainly not impossible that there should have been a contract or agreement in 1890, under which service was rendered down to 1906, and that there should have then been another contract or agreement concerning services to be rendered after that date. If such were the facts (and the jury has so found on interrogatories submitted by the appellant himself), then it was the right of the plaintiff to plead both contracts and to recover upon both, if, in the judgment of the jury, she made a case upon both. The motion to direct a verdict as to this count was properly overruled.

III. It is complained that the court misstated the issues to the jury, to the effect that plaintiff claimed to have had

an oral agreement with her mother, by which the latter would,

4. EXECUTORS AND ADMINISTRATORS: allowance of claims: pleading: liberality allowed.

out of her estate, pay the plaintiff for her services, when no such claim was in fact pleaded.

We do not find that the record justifies the objection. In the first paragraph of the court's charge to the jury, it set out the claim and defense substantially as pleaded. It contains no statement of the kind of which appellant complains. In the second and third paragraphs, however, the court does inform the jury that plaintiff was making the claim that, by the terms of the alleged agreement of March, 1890, the mother was to pay for the services rendered by plaintiff out of her estate; and that, unless the jury found the fact to be as stated, plaintiff could recover nothing whatever on the first count of her claim. Now it is true that, in her claim as filed, plaintiff did not show what the alleged agreement with her mother provided as to the time of payment, but on the trial, there was evidence in her behalf fairly tending to show that such payment, if any, was to be made at her mother's death, or out of the property or estate left by her, and the court was within the proper scope of its duties in saying to the jury that such was the plaintiff's claim. Parties presenting or filing a claim for allowance in probate are not held to niceties of pleading. Had the defendant asked a more specific statement as to the agreed time of payment, it would have been within the court's discretion to order it. No such order being made, it was clearly proper for plaintiff to prove, as best she could, the fact as to what time of payment was understood or agreed upon, if at all, when the alleged agreement for service on her part was made. There was no error in the charge in this respect.

IV. It is said that, although the statute of limitations was pleaded as against the first count of the claim, the court failed to submit that issue to the jury.

If it was necessary for the court to call the attention

of the jury to the statute of limitations by name, in order to properly submit the issue, then the objection is probably well founded; but, if it be sufficient—and we think it is—to state the substance of the statutory rule, then there was no error. If the statute was applicable in this case, it would be on the theory that plaintiff's service, if any, under the agreement mentioned in the first count, ceased in 1906, and that, as more than five years elapsed before the claim was filed, it was barred by the statute. Such theory would be correct, and an action on that count could not be maintained unless the jury should find that the service was rendered under an agreement or understanding that payment should be made at the mother's death. Hence, when the court told the jury, as it did, that plaintiff could not recover except upon making such showing as to the agreed time of payment, defendant was given the full benefit of the statute and of its plea.

5. LIMITATION OF ACTIONS: pleading statute: stating issues to jury: sufficiency.

V. The answers given by the jury to the special interrogatories submitted to the jury at the instance of the defendant are objected to by him as being without support in the evidence. To this the appellee responds that, the questions having been submitted to the jury at defendant's request, he cannot be heard to say there was no such question of fact for the jury to pass upon.

6. APPEAL AND ERROR: parties entitled to allege error: requesting interrogatories.

We are of the opinion that this point is well made. We have had occasion to consider this question in *Hanley v. Fidelity & Casualty Company*, decided June 26, 1917, and it is unnecessary to repeat the discussion there found. But we shall have to say, in any event, even without application of the rule just referred to, that there is clearly enough evidence to go to the jury on these interrogatories, and that the answers could not be set aside or ignored as having no support in the evidence. Indeed, counsel's argument is not so much that there is *no* evidence, as that it is *weak* and un-

trustworthy; but these are considerations to be addressed to the jury rather than the court.

The same remarks are applicable to counsel's further contention that the general verdict is not sustained by the evidence. The case is no exception to the well known rule that a contest between relatives over property left by a dead ancestor is quite sure to be bitter and productive of irreconcilable disputes in testimony. We shall not attempt here to discuss the relative credibility of the witnesses or the comparative reasonableness of the stories told on part of the plaintiff and defendant. These were questions for the jury alone, and we must leave them as they were by the jury determined. It is enough to say that, upon the evidence offered, the jury could properly find that the plaintiff, during the 24 years from 1890 until her mother's death, faithfully labored with and for the mother and family. In that time, the father, the sister, a brother, and finally the mother herself, sickened and died, and the burden of their care was largely carried by the plaintiff. It is true that, during a part of this time, she kept house for her son, living near at hand; but at no time, if we may believe the testimony on her part, was her hand or help withdrawn. It is the not unusual case where, as a family grows up and scatters, some one of the children gradually comes to be the main prop and support and help for the parents in their declining years; and if, in estimating the value of such services in terms of money, it seems to be large, other members of the family should not forget that the service was long and wearisome, nor that the very fact of the presence and service of the one child remaining in the old home has given to them freedom and opportunity to carve out their own fortunes in the world at large, and they should be willing that such service be recognized with just compensation, not to say with reasonable liberality. *Ridler v. Ridler*, 93 Iowa 347.

The evidence as to the value of plaintiff's services was the subject of widely differing estimates. The amount found

in plaintiff's favor was well inside the limit set by the witnesses, and, in view of the whole record, we find no good reason for saying the jury's verdict was excessive.

We find no prejudicial error in the record, and the judgment of the district court is—*Affirmed.*

GAYNOR, C. J., EVANS and PRESTON, JJ., concur.